CHIEF JUSTICE GRAY
concurring.
*259 ¶33 I join in the Court’s opinion. I write separately on Issue 3, however, to respectfully invite the Legislature to revisit several statutes and clarify their intended effect.
¶34 As the Court correctly determines, the District Court’s reliance on § 70-30-304(3), MCA, to award costs to the State cannot be supported. That statute clearly relates to the factual circumstances before us in this case — an appeal by the Simonsons from the Value Commission’s award in which they finally obtained an amount in excess of the initial award. Nothing in § 70-30-304(3), MCA, supports the District Court’s conclusion that the State was entitled to its costs of the Simonsons’ appeal.
¶35 Indeed, the State advances no argument at all pursuant to which § 70-30-304(3), MCA, might apply here. Instead, the State argues, in two sentences, that § 70-30-305(2), MCA, which provides that when a condemnee receives an award in excess of the condemnor’s final offer, the condemnee (here, the Simonsons) is entitled to an award of necessary expenses of litigation. Even aside from the fact that the District Court did not rely on this statute, nothing in its plain language authorizes an award to the condemnor.
¶36 In any event, I have difficulty reading these two statutes together and harmonizing them. What does the Legislature intend to occur if the circumstances set forth in § 70-30-304(3), MCA (the condemnee succeeds in obtaining a larger amount during the court process) and § 70-30-305, MCA (a rejected prejudgment final offer in excess of the Value Commission’s determination) both take place, but the rejected final offer is more than the amount ultimately awarded? In order words, which party gets costs when?
¶37 My confusion is exacerbated by the Legislature’s use of the word “costs” of the appeal in §§ 70-30-304(3) and -305(1), MCA, but the phrase “necessary expenses of litigation” in § 70-30-305(2), MCA and similar wording in § 70-30-306, MCA. Are these intended to be equivalent terms, or are “costs” meant to be the more limited and generally available costs as set forth in §§ 25-10-201 through -206, MCA? It strikes me that clarification by the Legislature, at a time when no case raising those questions is before us, may be helpful to all concerned in the future.
¶38 That said, I join the Court’s opinion affirming, reversing and remanding.
JUSTICE NELSON specially concurs.
¶39 As a follow up to Chief Justice Gray’s concurring opinion, and should the Legislature choose to amend the statutes, it also bears *260 considering that condemnation statutes which purport to award costs, fees, or litigation expenses to the condemnor may face an uphill battle against the Constitution.
¶40 Article II, Section 29, appears to limit an award of litigation expenses to the prevailing private property owner with no authorization for a reciprocal award if the condemnor prevails. This section provides:
Eminent domain. Private property shall not be taken or damaged for public use without just compensation to the full extent of the loss having been first made to or paid into court for the owner. In the event of litigation, just compensation shall include necessary expenses of litigation to be awarded by the court when the private property owner prevails. [Emphasis added.]